IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVEN WAYNE RUSSELL | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-156 |
| FNU RAGGS, *et al.*, | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff, Steven Wayne Russell, a prisoner currently confined at the Skyview Unit in West Rusk, Texas, with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this motion for injunctive relief against defendants at the Telford Unit in New Boston, Texas.[1]

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Venue in a civil rights action is determined pursuant to 28 U.S.C. § 1391(b). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides

---

[1] Plaintiff was in the process of being transferred from the Telford Unit to the Michael Unit due to threats from offenders at the Telford Unit. Plaintiff also alleges correctional officers at the Telford Unit called him a snitch publically which put his life at risk and that these same individuals retaliated against him for filing a civil suit in 1:14cv10 concerning claims against defendants at the Stiles Unit. During this transfer, plaintiff was temporarily assigned to the Beto Unit where he was allegedly threatened again and an OPI is currently pending regarding these alleged threats. On March 29, 2018, plaintiff threatened suicide and was immediately transferred to the Skyview Unit for inpatient mental health treatment. When medically appropriate, plaintiff will be transferred to the Michael Unit. *See* Amicus Curiae Report (docket entry no. 4).

that venue is proper only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred.

Plaintiff's motion for injunctive relief pertains to individual defendants employed as Correctional Officers at the Telford Unit in New Boston, Texas. It is unclear whether plaintiff seeks only injunctive relief or also wishes to pursue a claim for civil damages against these defendants pursuant to 42 U.S.C. § 1983. It is clear that all of the events or omissions giving rise to his claims occurred in the Eastern District of Texas, Texarkana Division. Venue, therefore, is not proper in the Eastern District of Texas, Beaumont Division.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Plaintiff's claims should be transferred to the Eastern District of Texas, Texarkana Division. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 11th day of April, 2018.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE